## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK TAYLOR, | § | |
| | § | No. 563, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID. No. 1512004805 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 27, 2018
Decided: July 9, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### O R D E R

The Court has considered the parties' briefs in this appeal from the Superior Court's opinion denying Mark Taylor's motion for postconviction relief under Superior Court Criminal Rule 61.[1] We affirm the Superior Court's judgment. When deciding that Taylor's ineffective assistance of counsel claim was without substantive merit, it was within the Superior Court's discretion to credit defense counsel's averments that he "strongly advised" Taylor against taking a plea until counsel had an opportunity to review discovery.[2] "A criminal defendant has 'ultimate authority to make certain fundamental decisions regarding the case [such

---

[1] *State v. Mark Taylor*, 2017 WL 6029302 (Del. Super. Ct. Nov. 30, 2017).
[2] *Id.* at *3.

as] whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.'"[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *Emmett Taylor v. State*, 28 A.3d 399, 406 (Del. 2011) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).